UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

No. 06-502

---

STEPHANIE GONZALES, individually and as Personal Representative of the Estate of Mary Alice Valencia, deceased, ABIE PADILLA and GERALD PADILLA,
        Petitioners/Plaintiffs,

vs.

THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation; CA GOODYEAR DE VENEZUELA, VALENCIA, a foreign corporation; DRIVETIME CAR SALES, INC. d/b/a Ugly Duckling Car Sales; JOHN DOE, as the Personal Representative of the Estate of ADOLFO MICHAEL VALENCIA, and FOUNDATION RESERVE INSURANCE COMPANY, INC.
        Respondents/Defendants,

and

ALICE MARIE HOLGUIN, individually, and as Personal Representative of the Estate of ADOLFO MICHAEL VALENCIA; MICHAEL VALENCIA, CRYSTAL ARMAS and STEPHANIE R. VALENCIA,
        Petitioners/Plaintiff-Intervenors,

vs.

THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation; CA GOODYEAR DE VENEZUELA, VALENCIA, a foreign corporation, and DRIVETIME CARE SALES, INC. d/b/a Ugly Duckling Car Sales;
        Respondents/Defendants.

---

PETITION FOR PERMISSION TO APPEAL PURSUANT TO THE
DISTRICT COURT'S 28 U.S.C. SECTION 1292(b) CERTIFICATION
FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO, NO. CIV-05-941 BB/LFG

---

| | |
|---|---|
| David J. Stout | Philip C. Gaddy |
| CARPENTER, STOUT & RANSOM, LTD. | GADDY LAW FIRM |
| 1600 University Boulevard NE, Suite A | 2025 San Pedro Drive NE |
| Albuquerque NM 87102 | Albuquerque, NM 87110 |
| (505) 243-1336 | (505) 254-9090 |
| COUNSEL FOR PETITIONERS/PLAINTIFFS | COUNSEL FOR PETITIONERS/PLAINTIFF-INTERVENORS |

## Introduction

Pursuant to Fed. R. App. P. 5 and 28 U.S.C. § 1292(b), petitioners Stephanie Gonzales individually and as personal representative of the Estate of Mary Alice Valencia, Gerald Padilla and Abie Padilla, plaintiffs in the district court, file this petition for permission to appeal. Also joining in this Petition are the Plaintiff/Intervenors in the district court, Alicia Marie Holguin individually and as personal representative of the Estate of Adolfo Michael Valencia, Michael Valencia, Crystal Armas and Stephanie Valencia.[1] The district court, plaintiffs, and plaintiff-intervenors all agree that immediate appellate review is necessary in this case. The legal questions presented are central questions of law which are not settled by controlling authority. In addition, the decision below involves important federalism concerns relating to the allocation of state court and federal court jurisdiction. Resolution of these questions will significantly advance the termination of this lawsuit. Therefore, petitioners respectfully submit this request for immediate appellate review.

## Statement of Facts

This case arises from tread/belt separation of a right rear tire manufactured and sold by the Goodyear defendants. On August 14, 2002, Adolfo Michael Valencia was driving his 1995 Jeep on Interstate 40 near milepost 119 in Cibola County. Mr. Valencia lost control of the Jeep when the right rear tire experienced a tread/belt separation. The vehicle rolled. Mr. Valencia and his wife Mary Alice Valencia died from their injuries. Another passenger, Mary Valencia's son, Gerald Padilla, suffered injuries.

---

[1] A predecessor case, *Holguin, et al. v. Goodyear Tire and Rubber Co. et al.*, CIV-04-0814 BB/WDS (D. N.M.) had been dismissed without prejudice on April 14, 2005 (Holguin Doc. 37)

Plaintiffs filed their complaint in the New Mexico District Court for the Thirteenth Judicial District on July 15, 2005 ("the Gonzales Complaint"). *Gonzales Doc. 1*.[2] The two passengers, the Estate of Mary Valencia by her Personal Representative, and Gerald Padilla brought suit against the driver, the Estate of Adolfo Valencia through its Personal Representative, Goodyear Tire and Rubber Company, CA Goodyear de Venezuela, Valencia, Drivetime Car Sales d/b/a Ugly Duckling Car Sales, Foundation Reserve Insurance Company, and various other John Doe defendants not relevant here. Thereafter, on July 29, 2005 a second group of plaintiffs filed a complaint in intervention, *Gonzales Doc. 1*, that joined the same defendants with the exception of John Doe as the personal representative of the Estate of Adolfo Michael Valencia and Foundation Reserve Insurance Company.[3]

On September 2, 2005, defendant Goodyear Tire and Rubber Company ("Goodyear") removed the case to federal court. *Gonzales Doc. 1*. Goodyear represented in its Notice of Removal that "[a]ll served non-fictitious Defendants who were not fraudulently joined concur with this removal." *Gonzales Doc. 1, ¶ 25, at 11*. Defendant Drivetime Car Sales did not sign the Notice of Removal, nor otherwise file an independent consent to removal. Counsel for defendant Drivetime Car Sales, did, however, orally consent to removal prior to filing. *Gonzales Doc. 24 at 1; Gonzales Doc. 25, Exhibit B, ¶¶ 4-5*. Goodyear based its claim for federal jurisdiction on 28 U.S.C. §1332. The basis for defendant Goodyear's removal to federal court

---

[2] All references unless otherwise noted refer to the district court docket ("Gonzales Doc.") in Gonzales et al. v. Goodyear Tire and Rubber Co. et al. CIV 05-00941 BB/LFG.

[3] The plaintiffs Stephanie Gonzales, Abie Padilla, and Gerald Padilla are the adult children of Mary Alice Valencia, the wife of Adolfo Valencia, who was also killed when the Goodyear tire blew out. These plaintiffs have a valid claim against both Goodyear and the Estate of their step-father for the wrongful death of their mother. Thus, in the Gonzales Complaint plaintiffs join the Estate of their step-father and Foundation Reserve Insurance Company, their step-father's liability insurance carrier. Foundation Reserve was joined pursuant to the authority of *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 392, 970 P.2d 580. The plaintiffs-in-intervention, Alicia Holguin, Michael Valencia, Crystal Armas, and Stephanie Valencia, the children by

was that the non-diverse defendants, John Doe[4] as the personal representative of the Estate of Adolfo Michael Valencia and Foundation Reserve were "fraudulently joined" because plaintiffs have no viable claim for the recovery of damages against those defendants.

Plaintiffs filed a Motion to Remand with accompanying memorandum. *Gonzales Docs. 19, 20*. The district court denied the Motion to Remand by its Memorandum Opinion and Order dated January 25, 2006. *Gonzales Doc. 48* attached as Exhibit A. Judge Black, however, indicated in his Memorandum Opinion that he "would entertain a motion for interlocutory appeal under 28 U.S.C. § 1292(b)." *Exhibit A at 14*. Plaintiffs then filed a Motion for Review of Memorandum Opinion and Order Denying Plaintiffs' Motion to Remand. *Gonzales Doc. 54*. Plaintiffs requested first that the district court certify certain state law questions central to the denial of the Motion to Remand or in the alternative permit plaintiffs to take an interlocutory appeal. The district court then entered an Order Allowing Interlocutory Appeal of its Memorandum Opinion and Order denying plaintiffs' Motion to Remand. *Gonzales Doc. 63* attached as Exhibit B.

## Statement of Controlling Questions

The district court's Memorandum Opinion and Order addressed two major legal questions.

> 1. Whether as a matter of New Mexico law the plaintiffs' complaint stated a viable claim against the non-diverse defendants;
> 2. Whether the Notice of Removal was procedurally defective because it was not in a form that indicated the express consent of all defendants served prior to the Notice of Removal or other unambiguous joinder in the removal provided on file with the district court.

---

another marriage of Adolfo Valencia have a claim against defendant Goodyear, but no claim against their father's estate and therefore did not join either the Estate of Adolfo Michael Valencia or Foundation Reserve.
[4] Since the filing of the Complaint, Rachel Higgins has been appointed personal representative of the Estate for the purpose of defending the Estate against plaintiffs' claims. She is represented by counsel and joined in the motion to remand. *Gonzales Doc. 37, 39*.

*See Exhibit A*. The district court's focus, however, for purposes of interlocutory appeal was on the second question, *see Exhibit B*, which is a controlling question of law.

> A question is considered controlling under 28 U.S.C. § 1292(b) if the question:
>
> presents a difficult central question of law which is not settled by controlling authority, and that a prompt decision by the appellate court at this advanced stage would serve the cause of justice by accelerating "the ultimate termination of the litigation."

*In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959). A question is controlling if the appellate court's determination that the question was wrongly decided would "require reversal of a final judgment." *See* 16 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3930 at 423 (2d ed. 1996); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1973) ("A controlling question of law must encompass at the very least every order which, if erroneous would be reversible error on final appeal."); *Klinghoffer v. Palestine Liberation Organization*, 921 F.2d 21, 24 (2d Cir. 1990) (question of law controlling if reversal would terminate the action noting the court "has granted certification when the order involved issues of in personam and subject matter jurisdiction).

Here, the question of the district court's subject matter jurisdiction is clearly controlling. If this court reverses the district court's denial of plaintiffs' motion to remand then the case must be returned to the New Mexico District Court. This is a classic case in which a decision on the jurisdictional issue would avoid the potential of a "wasted trial." *Katz v. Carte Blanche Corp.*, 496 F.2d at 755. The denial of a motion to remand has been consistently recognized as a proper subject for review under 28 U.S.C. § 1292(b). *See, e.g., Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 83 (10th Cir. 1964) (affirming district court's denial of motion to remand); *Carpenter v. Wichita Fall Independent School District*, 44 F.3d 362, 365 (5th Cir. 1995) (reversing district court's denial of motion to remand); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1286

(11th Cir. 1998) (reversing district courts denial of motion to remand on fraudulent joinder); *Pueblo International, Inc. v. Cardona*, 725 F.2d 823, 825 (1st Cir. 1984) (affirming district court's denial of motion to remand); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990) (affirming district court's denial of motion to remand); *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992) (reversing district courts denial of motion to remand); *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir 1993) (affirming district court's denial of motion to remand).

### A Substantial Basis Exists for Difference of Opinion

The district court properly recognized that there is a substantial basis for difference of opinion on whether all defendants must sign the Notice of Removal or otherwise file an independent consent to remove the case to federal court. There is no controlling tenth circuit authority on this precise issue and the federal courts are divided. This court has recognized that all defendants must join in the petition for removal. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). The controlling question presented here is the form of that consent.

There is strong authority that joinder in a petition for removal requires that the consent be manifested in writing either by signing the petition for removal or by some other unambiguous written filing. *See, e.g., Roe v. Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) *abrogated on other grounds by Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L.Ed. 2d 448 (1999) ("A petition for removal fails unless all defendants join it…To 'join' a motion is to support it in writing…" citations omitted); *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (requiring timely written indication that each defendant consents to the removal); *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995) ("[A]lthough all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and

intent to join in the removal within the thirty day period allowed."); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 408-409 (E.D. Pa. 1995) ("Statements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant."); *Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997) (same); *Henderson v. Homes*, 920 F. Supp. 1184, 1186-87 (D. Kan. 1996) (same); *Local Union No. 172, International Association of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022, 1024-25 (S.D. Ohio 2003) (same); *Smith v. The Health Center of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1340 (M.D. Fla. 2003) (same); *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995) (same).

As the district court recognized there is authority to the contrary. *See Harper v. AutoAlliance International, Inc.*, 392 F.3d 195 (6th Cir. 2004) (counsel signing notice of removal may represent that all defendants concur in the removal). The district court was persuaded by the "logic" of the sixth circuit's holding in *Harper* and concluded that "28 U.S.C. § 1446 does not require signatures from each individual defendant or some other written expression of consent." *Exhibit A at 12.*[5]

There is a split of authority among the circuits and no controlling tenth circuit decision. The division of authority fairly creates a situation where there is a substantial ground for a difference of opinion. This is particularly true because if this court comes to a different

---

[5] The district court also noted an unpublished decision from the United States District Court for the District of New Mexico, *Anaya v. Ramirez*, CIV 04-693 JEC/WDS (D.N.M. January 20, 2005) (Anaya Docket No. 47). Although the case is arguably distinguishable because the notice of removal had approval lines for the other defendants, *see Plaintiffs' Reply in Support of Motion to Remand (Gonzales Doc. 30 ) at 9,* to the extent that *Anaya* stands for the proposition that an unambiguous written consent is not required, it is at odds with other district court decisions in the tenth circuit. *See Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995); *Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997) (same); *Henderson v. Homes*, 920 F. Supp. 1184, 1186-87 (D. Kan. 1996).

conclusion than the district court the jurisdictional decision would be reversed and the case sent back to state court. As one commentator has noted:

> The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.

16 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3930 at 422 (2d ed. 1996). The district court's order here falls squarely within that proposition.

## Immediate Appeal May Materially Advance
## The Termination of This Litigation

Plaintiffs' lawsuit began in the New Mexico district court. The district court's denial of the remand found a basis for diversity jurisdiction and concluded that the removal was not procedurally defective. If this decision is not reviewed, then there is the potential that this case could proceed to trial, an appeal from the final judgment, and then, should this court reverse on the jurisdictional or removal issue, would be returned to the state court for a second trial. The claims at issue will compel the parties and the district court to participate in a two to three week trial – the presentation of numerous witnesses, experts, and stacks of documentary evidence. The costs of preparation and of trial will be great both in terms of the money spent by the parties and by the judicial time required for the preparation and trial of a complex products liability case. A permissive appeal at this point in the proceedings would accomplish two things regardless of the outcome of decision. First, it would eliminate the potential for a wasted trial and appeal. Second, it would assure that the proceeding that continues, either in state or federal court, would result in finality.

There is a synergy between the controlling question of law and the material advancement of the litigation. *See* 16 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §

3930 at 432 (2d ed. 1996) ("The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law."). As aptly noted by the ninth circuit: "[w]e agree with the district court that an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Here, the jurisdictional issue is not going away and will remain waiting in the wings should this litigation continue in federal court. Because the question relates to the subject matter jurisdiction of the federal court, an immediate review would materially advance the ultimate termination of the case.

In addition, the controlling issue strikes at the heart of our federal system, that is the allocation of jurisdiction between state and federal courts. It is this important concern for federalism that has led to the rule that removal statutes are strictly construed. *See Carpenter v. Wichita Falls Independent School District*, 44 F.3d at 365-66 ("[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns…which mandate strict construction of the removal statute." citations omitted). This court has formulated the same principle as follows: "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005). The jurisdictional nature of the controlling question here because of the sensitive federalism issue at stake provides additional support for plaintiffs' request for interlocutory review.

9

**Statement of Relief Sought**

Plaintiffs request that the Court grant their Petition for Permission to Appeal pursuant to the District Court's 28 U.S.C. § 1292(b) Certification and this case be docketed for appellate review.

          */s/ original signed by David J. Stout*
          David J. Stout
          CARPENTER, STOUT & RANSOM, LTD.
          1600 University Boulevard NE, Suite A
          Albuquerque NM  87102
          (505) 243-1336

          COUNSEL FOR PETITIONERS/PLAINTIFFS

and

          */s/ original signed by David J. Stout, for*
          Philip C. Gaddy
          GADDY LAW FIRM
          2025 San Pedro Drive NE
          Albuquerque, NM 87110
          (505) 254-9090

          COUNSEL FOR PETITIONERS/PLAINTIFF-
             INTERVENORS

I hereby certify that a copy of this Petition for Permission to Appeal pursuant to the District Court's 28 U.S.C. Section 1292(b) Certification, was mailed on March 10, 2006, to:

R.E. Thompson
Donald A. DeCandia
Modrall Sperling Roehl Harris & Sisk
P.O. Box 2168
Albuquerque, NM 87103
Fax: (505) 848-1889
   Attorney For: Defendant Goodyear USA

Scott G. Edwards
Hartline Dacus Barger Dreyer & Kern LLP
6688 North Central Expressway, Ste 1000
Dallas, TX 75206
Fax: (214) 369-2118
   Attorney For: Defendant Goodyear USA

Martin R. Esquivel
Narvaez Law Firm, P.A.
P.O. Box 25967
Albuquerque, NM 87125-0967
   Attorney For: Defendant Drivetime Car Sales

Michael P. Clemens
Butt, Thornton & Baehr, P.C.
P. O. Box 3170
Albuquerque, NM 87190-3170
   Attorney For: Defendant Foundation Reserve Insurance Co.

Sean Olivas
Keleher & McLeod, PA
P.O. Box AA
Albuquerque , NM 87103-1626
   Attorney For: Defendant Adolfo Valencia Estate

                                              */s/ Original signed by David J. Stout*
                                              David J. Stout