<u>No. 06-502</u>
**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

STEPHANIE GONZALES, Individually and as
Personal Representative of the Estate of Mary
Alice Valencia, deceased, and ABIE PADILLA, and
GERALD PADILLA,

                Petitioners/Plaintiffs,

vs.

THE GOODYEAR TIRE AND RUBBER COMPANY,
an Ohio corporation; CA GOODYEAR DE VENEZUELA,
VALENCIA, a foreign corporation; DRIVETIME CAR
SALES, INC.; JOHN DOE, as the Personal Representative
of the Estate of ADOLFO MICHAEL VALENCIA, and
FOUNDATION RESERVE INSURANCE COMPANY, INC.,

                Respondents/Defendants,

and

ALICIA MARIE HOLGUIN, Individually and as Personal
Representative of the Estate of ADOLFO MICHAEL VALENCIA;
MICHAEL VALENCIA, CRYSTAL ARMAS and STEPHANIE R.
VALENCIA,

                Petitioners/Plaintiff/Intervenors,

vs.

THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio
corporation; CA GOODYEAR DE VENEZUELA, VALENCIA,
a foreign corporation; DRIVETIME CAR SALES, INC.,

                Respondents/Defendants.

<u>Nature of Proceedings</u>:  Petition for Interlocutory Review
<u>Court Below</u>:  U.S.D.C., D.N.M. CV-05-941 BB/LFG

**ANSWER OF RESPONDENTS/DEFENDANTS
IN OPPOSITION TO PETITION FOR PERMISSION TO APPEAL**

I. **INTRODUCTION**

Petitioners seek interlocutory appeal from a portion of the Memorandum Opinion and Order by which the district court denied Petitioners' Motion to Remand this matter to state court ("Order Denying Remand"). See Exhibit A to Petition. By subsequent order, the district court certified for interlocutory appeal the part of its ruling that pertains to the form in which consent to a Notice of Removal must be manifested. See Order Allowing Interlocutory Appeal, dated March 2, 2006, attached as Exhibit B to the Petition. The district court did not certify for appeal the remainder of its decision in which it upheld diversity jurisdiction on the grounds that two defendants had been fraudulently joined. See Exhibits A and B to Petition.

Respondents/Defendants The Goodyear Tire & Rubber Company ("Goodyear") and Drivetime Car Sales, Inc. ("Drivetime") oppose the interlocutory appeal of this single issue. As set forth more fully below, the requested appeal does not meet the rigorous and narrow standards for interlocutory review. Respondents, therefore, respectfully request that the Petition be denied.

II. **STATEMENT OF FACTS**

Suit arising from the 2002 accident that is the subject matter of this case was originally filed in New Mexico State District Court on June 28, 2004. At that time, all of the current Plaintiffs and Plaintiffs/Intervenors were simply designated as Plaintiffs and were commonly represented by the same attorneys, the Gaddy Law Firm and Mr. Thomas Dasse, a Phoenix attorney. The only defendants at that time were Goodyear and its subsidiary C.A. Goodyear de Venezuela. Holguin, et al. v. Goodyear, et al., No.

1

D1333-CV-04-142, Thirteenth Judicial District Court, County of Cibola, State of New Mexico. Goodyear removed the case to federal court where it was litigated for approximately nine months until Plaintiffs moved for voluntarily dismissal. U.S.D.C. D.N.M. CIV-04-814 BB/WDS ("Holguin I"). Goodyear opposed the dismissal of Holguin I, based in part on Goodyear's prediction that Plaintiffs would attempt to join a non-diverse defendant in order to defeat federal jurisdiction. See Holguin I, Doc. 29.[1] Plaintiffs contended that dismissal was necessary due to the withdrawal of their liability counsel, Mr. Dasse, and their contention that they needed to secure new liability counsel who limits his or her practice to tire litigation. Id., Docs. 24, p. 2; 30, p. 6.

Following the dismissal of Holguin I, this case was again filed in State District Court and again removed to federal court to commence the proceedings below ("Holguin II"). No longer, however, were the Plaintiffs commonly represented; instead, they were divided into two groups, neither of which is represented by counsel who limits his practice to tire litigation. One group of Plaintiffs now attempts to assert a claim against John Doe as Personal Representative of the Estate of Adolfo Michael Valencia ("Husband's Estate"). Husband's Estate, through a named Personal Representative, was previously a Plaintiff in Holguin I and also is currently a Plaintiff/Intervenor in Holguin II. Plaintiffs also added as defendants Foundation Reserve Insurance Company, which provided automobile insurance coverage to Husband's Estate, as well as Respondent-Defendant Drivetime, which is a diverse Defendant.

---

[1] The shorthand "Doc. ___" refers to the document numbers identified on the district court's docket sheet.

The Notice of Removal in the case below explained that complete diversity exists despite the attempted claim against the Husband's Estate and its insurer. Holguin II, Doc. 1. The Notice presented unrefuted proof that Foundation Reserve had already tendered policy limits in connection with its coverage of Husband's Estate and cited the New Mexico Probate Code for the proposition that Plaintiffs had no claims against Husband's Estate except to recover "the limits of insurance protection only. . . ." See Holguin II, Doc. 1, ¶ 15, citing NMSA 1978, § 45-3-803(D)(2). Essentially, Plaintiffs were endeavoring to sue two Defendants (Husband's Estate and its insurer) even though they had already been offered the total amount they could legally recover from those entities. The Notice of Removal presented additional arguments for the proposition that the citizenship of the Husband's Estate and its insurer should be disregarded for purposes of federal jurisdiction.

The Notice of Removal, though signed only by Goodyear's counsel, expressly stated that "[a]ll served non-fictitious Defendants who were not fraudulently joined concur with this removal." Holguin II, Doc. 1 at ¶ 25. The evidence is undisputed that, prior to the filing of the Notice of Removal, counsel for Drivetime spoke with counsel for Goodyear and both expressly consented to the removal and authorized Goodyear's counsel to indicate Drivetime's consent. See Holguin II, Doc. 25 at Exhibit B (Affidavit of Martin R. Esquivel). In its Answers filed in Federal Court, Drivetime denied Plaintiffs' allegations concerning the propriety of venue in state district court and affirmatively stated that "venue is proper in the United States District Court for the District of New Mexico." Id., Docs. 3, 4.

3

Plaintiffs moved to remand the case to state court, arguing that the citizenship of Husband's Estate and its insurer defeated diversity jurisdiction and that the Notice of Removal did not contain the proper form for showing the consent of all Defendants to the removal. See Holguin II, Docs. 19, 20. Both Goodyear and Drivetime opposed the Motion to Remand. Following full briefing, the District Court entered its Order Denying Remand. Id., Docs. 25, 30, 48. The Court found that Husband's Estate and its insurer were fraudulently joined and further held that Drivetime's consent to the removal was adequately expressed. Id. On the sole issue of the form of consent necessary for a Notice of Removal, the Court acknowledged a split of authority and indicated that it would entertain a motion for interlocutory appeal. Id. at 13-14.

Plaintiffs subsequently filed a Motion for Review of Memorandum Opinion and Order Denying Plaintiffs' Motion to Remand. Holguin II, Doc. 54. The primary relief Plaintiffs sought was the certification of questions to the New Mexico Supreme Court. In the alternative, they asked the district court to certify the decision for interlocutory review by this Court. Defendants opposed that motion (Id., Doc. 62), but the district court certified for interlocutory appeal the issue "of the necessary form required to express consent of multiple defendants to the removal of a state court case to the federal district court." Holguin II, Doc. 63 (Exhibit B to Petition).

Petitioners now ask this Court to entertain an interlocutory appeal of the Order Denying Remand. In their Statement of Controlling Questions, Petitioners identify two issues. The first issue involves Petitioners' contention that "plaintiffs' complaint stated a viable claim against the non-diverse defendants. . . ." See Petition at p. 3. The district

4

court, however, did not certify this issue for interlocutory appeal, and such certification is a prerequisite to appellate review. See 28 U.S.C. § 1292(b). Respondents submit, therefore, that such issues are not properly the subject of interlocutory appeal. This Answer in Opposition, therefore, will address only whether interlocutory appeal should be accepted on the question of the proper form of consent to the Notice of Appeal. Under the circumstances of this case, and for the reasons set forth below, interlocutory appeal is not warranted, and the Court should deny the Petition.[2]

### III. THE COURT SHOULD DECLINE INTERLOCUTORY REVIEW

#### A. Standards for Accepting Interlocutory Appeal

"Interlocutory appeals are not favored and the statutes allowing them must be strictly construed." Ingram Towing Co. v. Adnac, Inc., 59 F.3d 513, 515 (5th Cir. 1995). Interlocutory appeals are the "rare exception" to the federal policy of avoiding piecemeal appeals. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2nd Cir. 1996); see also Ingram Towing, 59 F.3d at 515 ("[i]nterlocutory appellate jurisdiction is the exception rather than the rule"); Pyca Indus., Inc. v. Harrison County Waste Water Management Dist., 81 F.3d 1412, 1421 (5th Cir. 1996) (avoidance of piecemeal appeals is one the principal purposes of requiring a justification for certification under Rule 54(b)). Interlocutory appeal should be reserved for those cases in which "an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 865-66.

---

[2] This Court can defer ruling on the interlocutory appeal pending any future appeal on the merits. See Lukenas v. Bryce's Mountain Resort, Inc., 538 F.2d 594, 595, n. 1 (4th Cir. 1976).

5

Recognizing that interlocutory appeal should be used in only "rare instances," the Second Circuit has explained:

> As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.

In re. Flor, 79 F.3d 281, 284 (2nd Cir. 1996) (quotations, citations and punctuation omitted). Consistent with these authorities, this Court has recognized that "[o]rdinarily, an interlocutory appeal may not be taken from the denial of a motion to remand a previously removed case." State of Oklahoma ex rel. Edmondson v. Magnolia Marine Transport Co., 359 F.3d 1237, 1239 (10th Cir. 2004).

Under these standards, the portion of the Order Denying Remand that the District Court certified should not be reviewed on an interlocutory basis. The matter involves a procedural, non-jurisdictional aspect of the removal statute. See SBKC Service Corp. v. 1111 Prospect Partners, L. P., 105 F.3d 578, 580 (10th Cir. 1997); Sheet Metal Workers Intern. Ass'n., AFL-CIO v. Seay, 693 F.2d 1000, 1005, n. 8 (10th Cir. 1983), reh'g denied and op. modified on other grounds, 696 F.2d 780 (10th Cir. 1983). Review at this time will not avoid protracted litigation; indeed, it would not even resolve all issues pertaining to the removal, because the district court did not certify all such issues for interlocutory appeal. Further, additional district court proceedings could moot the present issue, because the district court has authority to permit amendment of the Notice of Removal if there were any concern over whether consent was properly expressed, and Respondents requested such relief in opposing the Motion to Remand. This case is within the

jurisdiction of the federal court, as the district court's refusal to certify the fraudulent joinder issues makes clear. Respondents submit that Petitioners' preference for state court should not be permitted yet again to impede the parties' progress toward the merits in the underlying litigation, particularly where, as here, issues relating to subject matter will remain at the end of the case even if this court affirms the decision below.

    **B.    Because the Issue Presented Could be Mooted or Changed Through Further Proceedings, There Is No Controlling Question of Law**

Petitioners' discussion of whether the present situation presents a controlling question of law addresses itself exclusively to the idea that reversal of the District Court's ruling would require remand to state court. See Petition at pp. 4-5. Their argument does not account for the fact that defects in allegations pertaining to jurisdiction can be cured through amendment or other means. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial and appellate courts"). Numerous courts, including this Court, have recognized that a removal petition may be amended to remedy insufficient jurisdictional allegations. See Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 302 (10th Cir. 1968) (trial court properly allowed amendment of removal petition to remedy defective jurisdictional allegations, and such amendment related back to time of filing of petition); Buell v. Sears, Roebuck & Co., 321 F.2d 468, 471 (10th Cir. 1963) (sua sponte permitting amendment of removal petition with respect to allegations of principal place of business of removing defendant); Northern Illinois Gas Co. v. Airco Indust. Gases, a Division of Airco, Inc., 676 F.2d 270, 274 (7th Cir. 1982) ("[w]here the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential

to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect"); Barrow Development Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir. 1969) (observing that appellate courts "uniformly" follow the rule that jurisdictional allegations which are defective in form but not so lacking in substance can be cured through amendment).[3]

Courts have not limited amendment of a removal notice to the presentation of jurisdiction facts; rather, they have also allowed amendment on the procedural issue of showing that all defendants joined in the removal. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988); Michaels v. State of New Jersey, 955 F. Supp. 315, 321-22 (D.N.J. 1996). In Emrich, the Ninth Circuit specifically directed as follows:

> On remand, therefore, the district court is requested to determine what defendants were properly served and to permit amendment of the removal petition to name all proper defendants.

Emrich, 846 F.2d at 1193, n. 1; see also Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (upholding removal even though defendant did not have authority to consent to

---

[3] None of the interlocutory appeal cases cited by Petitioners at pages 4-5 for the proposition that denials of motions to remand are a proper subject for interlocutory review involved an alleged technical defect in the removal notice that could have been cured through such means as the amendment of removal petition. See Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 83 (10th Cir. 1964) (involving fraudulent joinder issue); Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362, 367 (5th Cir. 1995) (involving whether state law claims presented federal question); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1286 (11th Cir. 1998) (involving fraudulent joinder doctrine); Pueblo International, Inc. v. De Cardona, 725 F.2d 823, 825 (1st Cir. 1984) (involving federal question and pendent jurisdiction); Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 182 (5th Cir. 1990) (involving whether assignment made to destroy diversity jurisdiction could be disregarded); Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) (involving contention of Red Cross that, as a federal instrumentality, it was not required to obtain consent of other defendants to remove case to federal court); Doe v. American Red Cross, 14 F.3d 196, 198 (3rd Cir. 1993) (involving authority of Red Cross to remove previously remanded case).

8

removal at the time of filing of the notice of removal, where authorization was obtained through subsequent ratification of action by defendant's board); Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987) (removal petition treated as amended to include non-joining defendant), overruled on other grounds, Morstein v. Nat. Ins. Services, Inc., 93 F.3d 715, 723, n. 10 (11th Cir. 1996). As one authoritative treatise explains, ". . . the preferable result seems to be to continue to allow procedural defects in the removal procedure to be cured so the removed action can remain in federal court. A contrary conclusion does not seem consistent with the statutory character of the removal right and seems too technical." 14C C. A. Wright, et al., Federal Practice and Procedure, § 3739 at 461 (3d ed. 1998).

The district court in this case expressly recognized that it was undisputed that counsel for Drivetime consented to the removal prior to the filing of the Notice of Removal, and further observed that Drivetime had filed an answer in federal court conceding jurisdiction and venue. See Order Denying Remand at p. 13. The court also determined that Drivetime's opposition to the Motion to Remand cured any purported defect in the removal notice. Id. Accordingly, the Court did not address the Defendants' specific request for leave to file an amendment to the removal petition that would substitute only the signature page. See Holguin II, Doc. 25 at p. 23. Therefore, even if this Court accepted interlocutory appeal and further accepted Petitioners' view of the proper form for consent, the issue of amendment would remain for resolution.

Authorities have recognized that the availability of amendment to cure pleading defects undercuts the presence of a controlling question of law for purposes of

9

interlocutory appeal. See Urbach v. Sayles, 779 F. Supp. 351, 364 (D.N.J. 1991) ("a ruling on the sufficiency of a pleading is generally 'unsuitable for interlocutory appeal because of the ready availability of amendment'") (quoting 16 C. Wright, A. Miller, et al. Federal Practice and Procedure, § 3930); accord Pyca Industries, Inc., 81 F.3d at 1421 ("district court's certification [for interlocutory appeal] of this denial of a motion to amend was improper").

In view of the above authorities, Respondents submit that, because the district court could permit amendment of the removal petition (assuming that the facts do not sufficiently establish Drivetime's consent), this Court should find that there is no controlling question of law sufficient to permit interlocutory review. Therefore, the Petition should be denied.

### C. Petitioners Have Not Shown Substantial Grounds for Difference of Opinion on the Question Whether Amendment or Other Action Can Establish Consent to Removal

Although this Court has not addressed the proper form in which consent to removal must be expressed, there is, as explained above, law from this circuit permitting amendment of deficiencies in the jurisdictional allegations of a removal notice. See Hendrix, supra, 390 F.2d at 301; Buell, 321 F.2d at 471 (10th Cir. 1963). Indeed, the Ninth Circuit has indicated that appellate courts "uniformly" allow amendment of defective jurisdictional allegations. Barrow Development, 418 F.2d at 318. Authorities from other jurisdictions likewise support the propriety of amendment to remedy procedural issues in circumstances similar to those presented here. See supra, Point III(B). The Sixth Circuit's recent decision in Harper v. AutoAlliance International, Inc.,

392 F.3d 195 (6th Cir. 2004), upon which the District Court relied, also acknowledges the principle that technical defects in a notice of removal can be cured, and the facts of Harper are quite analogous to those of the present case. See Harper, 392 F.3d at 201-202. The cases upon which Petitioners rely for the proposition that a substantial basis exists for difference of opinion are not inconsistent with those authorities that permit amendment of a notice of removal to cure defects in the notice, assuming such defects are found. See Petition at pp. 5-6.[4]

Under the circumstances of this case, where it is undisputed that all Defendants consented to the removal prior the filing of the notice, and where the removal petition expressly represented such consent, Respondents submit not only that the notice was sufficient but also that, even if it were considered insufficient, Petitioners have not shown a substantial grounds for a difference of opinion on the question whether other actions could or did suffice to manifest Drivetime's undisputed consent to the removal.

---

[4] While Petitioners argue that the case law they cite is "strong authority" for the idea that the notice of removal was inadequate, see Petition at 5, all of their cases predate Harper, and none involved the question whether amendment would be appropriate. Moreover, the discussion of consent to removal in several of the cases is dicta, because there were other bases for remand. See Wakefield v. Olcott, 983 F. Supp. 1018, 1021-22 (D. Kan. 1997) (untimeliness of notice of removal and lack of necessary amount in controversy required remand); Smith v. The Health Center of Lake City, Inc., 252 F. Supp. 2d 1336, 1341 (M.D. Fla. 2003) (court assumes that defendants properly consented to removal because plaintiff did not raise the issue); Roe v. O'Donohue, 38 F.3d 298, 304 (7th Cir. 1994) (case remanded based on untimeliness of removal petition). In addition, it is doubtful that Local Union No. 172, International Assoc. of Bridge, Structural, Ornamental and Reinforcing Iron Workers v. P. J. Dick, Inc., 253 F. Supp. 2d 1022 (S.D. Ohio 2003), survives the Sixth Circuit's subsequent decision in Harper. Finally, in the oft-cited decision of Getty Oil Co. v. Insurance Co. of North America, 841 F.2d 1254 (5th Cir. 1988), the Fifth Circuit actually remanded the case to the district court in part for a determination of whether one of the defendant's "delayed joinder [in the removal] can be excused. . . ." Id. at 1264.

### D.    Immediate Appeal Will Not Materially Advance the Litigation

Petitioners argue that immediate appeal will materially advance the litigation because there is the potential that reversal following a final judgment could result in the return of the case to state court for a second trial. Petitioners evidently recognize that discovery and other litigation leading up to trial will be necessary irrespective of the outcome of this putative appeal. Interlocutory review, therefore, would not "avoid protracted litigation." See Koehler, 101 F.3d at 865-66. And the district court has subject matter jurisdiction over the case despite the presence of a disputed procedural issue. Cf. Miller v. National Brokerage Services, Inc., 782 F. Supp. 1440, 1441 (D. Nev. 1991) (procedural defect in removal does not deprive court of subject matter jurisdiction). Nonetheless, according to Petitioners, "The jurisdictional issue is not going away and will remain waiting in the wings should this litigation continue in federal court." See Petition at p. 8. This statement, however, is true *regardless* of whether this Court allows interlocutory appeal. As noted, the district court did not certify its entire Order Denying Remand for interlocutory review. It certified only the limited issue of the form of consent required, but the district court was confident in its other conclusions that Plaintiffs had fraudulently joined two non-diverse defendants. By having filed their Motion to Remand, Plaintiffs preserved the fraudulent joinder issues as well as the one issue on which they seek interlocutory review.[5] One way or the other, therefore, the issue of subject matter jurisdiction would be present even if this Court were to affirm the

---

[5] Whether Plaintiffs/Intervenors preserved a procedural challenge to the Notice of Removal need not be considered at this stage.

12

district court's ruling. Cf. In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002) ("[w]hen litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation") (quoting White v. Nix, 43 F.3d 374, 378-79 (8th Cir. 1994)).

Petitioners also note that the material advancement requirement of interlocutory appeal is related to the issue of whether there is a controlling question of law. See Petition at pp. 7-8, citing 16 C. Wright, Federal Practice and Procedure, § 3930 at 432 (2d ed. 1996). Accordingly, it should not be surprising that just as courts have refused to find the presence of a controlling question of law when amendment is available to cure pleading defects, so too courts have found that interlocutory appeal will not materially advance the litigation if future proceedings in the district court can moot the issue. See United States v. Rent-a-Homes Systems of Illinois, Inc., 602 F.2d 795, 797 (7th Cir. 1979) (prior denial of interlocutory appeal from order striking plaintiff's claim for legal damages was based on fact that if plaintiff were unable to prove its case for injunctive relief, the question of legal damages would never be reached); accord Koehler, 101 F.3d at 854, 867 (holding that appellate panel had improvidently granted interlocutory review of district court's finding that a prima facie case of personal jurisdiction over the defendant had been made, and stating that "[i]t does not serve § 1292(b)'s intended purpose to rule on an ephemeral question of law that may disappear in light of a complete and final record").

Here, interlocutory appeal will not materially advance the ultimate termination of the litigation because the issue of subject matter jurisdiction would remain as to questions

13

not certified by the district court if this Court affirms, and because further proceedings in the district court (e.g., allowance of amendment of the Notice of Removal) could moot the issue presented. Considering the appeal at this stage, therefore, could result simply in further delay as to reaching the merits of the dispute. See 16 C. Wright, et al., Federal Practice and Procedure, § 3930 at 436, 438-39 (potential for delay is a relevant consideration). Here, Plaintiffs have already delayed this case once by dismissing Holguin I after nine months of litigation, and then re-filing in state court some months later with the addition of fraudulently joined parties. The accident at issue occurred over three and a half years ago, and the case is only now proceeding to substantive discovery following the entry of a scheduling order.

The piecemeal appeal of only part of the district court's Order Denying Remand should not be reviewed on an interlocutory basis. Further proceedings in the district court can moot the issue, and appeal would not in any event resolve all of the issues regarding the removal from state court. Additional delay caused by Plaintiffs' endeavors to avoid federal jurisdiction is not warranted under the facts of this case.

## IV.　CONCLUSION

For the foregoing reasons, Respondents respectfully request that this Court deny the Petition for Interlocutory Appeal.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
By *Original signed by Donald A. DeCandia*
    R. E. Thompson
    Donald A. DeCandia
    Attorneys for Defendant The Goodyear Tire & Rubber Company
    P.O. Box 2168
    Albuquerque, NM 87103
    Telephone: (505) 848-1800
    dad@modrall.com

and

HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
    Scott G. Edwards
    Attorneys for Defendant The Goodyear Tire & Rubber Company
    6688 North Central Expressway, #1000
    Dallas, TX 75206
    Telephone: (214) 346-3729

NARVAEZ LAW FIRM
By *Original signed by Martin R. Esquivel*
    Martin R. Esquivel
    Attorneys for Defendant Drivetime
    P.O. Box 25967
    Albuquerque, NM 87125
    Telephone: (505) 248-0500
    mesquivel@narvaezlawfirm.com

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on the 22nd day of March, 2006 and emailed this 6th day of April, 2006 to the following counsel of record:

David J. Stout
Carpenter & Stout, Ltd.
1600 University Blvd., Suite A
Albuquerque, NM 87102

Philip C. Gaddy
David J. Jaramillo
Gaddy Law Firm
2025 San Pedro, NE
Albuquerque, NM 87110

Michael P. Clemens
Butt, Thornton & Baehr
P.O. Box 3170
Albuquerque, NM 87190

Sean Olivas
Keleher & McLeod
P.O. Box AA
Albuquerque, NM 87103

WE FURTHER CERTIFY THAT:
1.  All required privacy redactions have been made and, with the exception of the signature blocks, document number and this Certificate, all documents submitted in electronic form are exact copies of the written documents filed with the Clerk;
2.  This digital submission has been scanned for viruses with Norton Anti-Virus, version 10, definitions last updated April 5, 2006, and Symantec Mail Security for Microsoft Exchange, version 4.6.2.108, definitions last updated April 5, 2006, and, according to these programs, is free of virsues.

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.
By___s/_____
        Donald A. DeCandia

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.